UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCO,<br><br>                              Plaintiff,<br><br>            v.<br><br>SPECTRUM BRANDS PET GROUP<br>INC., *et al.*,<br><br>                              Defendants. | Case No. 2:25-cv-06383-FLA (PVCx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

## ORDER

Federal courts are presumed to "lack jurisdiction unless the contrary appears affirmatively from the record;" therefore, the party seeking federal jurisdiction bears the burden of establishing it. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Pursuant to 28 U.S.C. § 1332(a), district courts have diversity jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Any civil action brought in state court for which district courts have jurisdiction may be removed. 28 U.S.C. § 1441. However, due to the "strong presumption" against removal, "federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Pursuant to 28 U.S.C. § 1446(b)(1) ("Section 1446"), a notice of removal must be filed within thirty (30) days after a defendant receives the initial pleading or summons. Section 1446 is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction.") (citation omitted). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

The court has reviewed the Notice of Removal and is presently unable to conclude this action was removed within thirty (30) days of receipt of the initial pleading or summons, as required under Section 1446.

The parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for failure to remove within the thirty (30)-day window required by Section 1446. The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length. The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction. *See Leite v. Crane*

1     *Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

2         As Defendant is the party asserting federal jurisdiction, Defendant's failure to

3 respond timely and adequately to this Order shall result in remand of the action

4 without further notice.

5

6         IT IS SO ORDERED.

7

8 Dated: July 23, 2025

9                                      FERNANDO L. AENLLE-ROCHA
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28